UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BOSTON TAXI OWNERS )
ASSOCIATION, INC. *et al* )
)
   Plaintiffs, )
)
   v. ) C.A. No.: **15-cv-10100** (NMG)
)
CITY OF BOSTON *et al*, )
)
   Defendants. )

## MOTION FOR LEAVE TO INTERVENE

This motion is hereby brought by STEVAN JOHNSON pursuant to Fed. R. Civ. P. 24(b)(1)(B). As grounds therefore, this Honorable Court is shown the following:

1. STEVAN JOHNSON ("amicus") submitted an Amicus Brief ("Brief") December 1, 2014 for consideration by the Supreme Judicial Court of the Commonwealth of Massachusetts upon solicitation by that Court. (Parts of Brief incorporated herein.)

2. Amicus asserted in the Brief that "**[s]ince Rule 403 was adopted August 29, 2008 squarely outside Massachusetts law, it is unconstitutional when measured against the Fourteenth (14th) Amendment to the Constitution of the United States.**" (*Id.*)

3. Amicus' asserted Fourteenth (14th) Amendment violations by Defendants City of Boston and Boston Police Commissioner William Evans, in the Brief incorporated herein, shares with the above-captioned action a common question of law. (*Id.*)

- 1 -

2. Whether the enabling legislation that gives the Boston police commissioner authority to regulate the taxi industry in Boston, and Boston Police Department Rule 403 ("Rule 403") promulgated 'pursuant to' the enabling legislation, under which defendants operate their businesses, preclude application of the independent contractor statute, **negative**; and

3. Whether, as defendants contend, the plaintiffs do not perform[] any services for defendants within the meaning of the statute, where they lease taxis from the defendants which they use to transport passengers, and they receive fares and tips directly from the passengers, which they retain, **negative**.

## C. Introduction

Plaintiff's attorney has cultivated a public persona as a champion of the rights of the poor worker. This public persona is due in part because of the Independent Contractor Statute. Plaintiff's attorney is combining her nationally rising star within the legal community with the Independent Contractor Statue to forge new labor/employment laws attributable to poor workers. As admirable as the intentions of this attorney appear to be, this case is not truly about the Independent Contractor Statute. It is merely about Defendants' unfair capitalization on the city of Boston exceeding its regulatory authority allocated by "the Legislature" under Massachusetts law.

By scratching just below the surface, the true legal issue presents itself in this case as being the city of Boston, acting by and through the Police Commissioner of the city of Boston ("the Commissioner"), impermissibly expanding the scope of the *exclusive* authority granted to the Commissioner by the 146th General Court of the Commonwealth of Massachusetts ("the Legislature") upon enactment of Chapter 392 of the Acts of 1930 ("the Act").

## D. Boston Police Department Rule 403 Is Unenforceable As a Matter of Law

The Legislature confesses the Act became Massachusetts law in 1930 to "provide for the regulation and limitation of hackney carriages and hackney stands in the city of Boston."

Section 1 of the Act, states in pertinent part:

> **[T]he police commissioner of the city of Boston shall have exclusive authority to make rules and orders for the regulation of hackney carriages and hackney stands, both as defined in section two...[but, on the condition that]...[s]uch rules and orders shall not take effect until they have been published at least once in a newspaper published in said city.**

On August 29, 2008 the city of Boston made it appear as though Rule 403 was *adopted* pursuant to the authority granted to the Commissioner by the Act. However, it was not.

On July 15, 2014 the current Commander of the Boston Police Hackney Carriage Unit, Captain James Gaughan, made it known that Rule 403 had not properly undergone the neutral

third-party commercial newspaper publication process in accordance with the Act. As such, Rule 403 has been without any legal authority since it was first *adopted* August 29, 2008 by the city of Boston under color of Massachusetts law.

Since Rule 403 is without any legal authority as a matter of law, Rule 403 cannot lawfully preclude the application of the Independent Contractor Statute. Therefore, the answer to whether the Independent Contractor Statute applies to hackney carriage **drivers** is in the **affirmative**. But for arguments sake, even if Rule 403 actually had been properly published in accordance with Massachusetts law, the Legislature nonetheless lacks the power under the Act, or otherwise, to grant the Commissioner authority to make rules and orders for the regulation of hackney carriage **drivers** which would impair **drivers'** rights under the Constitution or laws of the United States, including the Civil Right Act of 1866, among others.

### E.  Affect Other Laws have on the Act

There is a presumption made here the Legislature properly considered the affect other laws would have upon the Act prior to its enactment as Massachusetts law. In particular, the Sherman Antitrust Act of 1890, and the Thirteenth (13th) and Fourteenth (14th) Amendments to the Constitution of the United States. Unfortunately, the ensuing 84 years has witnessed the city of Boston expand the scope of its authority beyond the

parameters set in 1930 by the Legislature to regulate taxis. The shameful product of this unlawful expansion of regulatory authority is the illegal restraint of colored hackney carriage **drivers'** opportunity to enjoy being offered benefits for engaging in the taxi trade which affects interstate and foreign commerce. The city of Boston's hackney carriage **driver** regulation scheme is executed under color of Massachusetts law, contrary to the rights and privileges secured to the colored hackney carriage **drivers** by the Constitution and laws of the United States.

The Legislature must be said to have placed an outer perimeter upon the scope of the "provi[sion] for the regulation and limitation of hackney carriages and hackney stands in the city of Boston" by using the word "both" in Section 1 of the Act. This is the truth because the Commissioner was **only** granted "exclusive authority to make rules and orders for the regulation of hackney carriages and hackney stands, both as defined in section two" of the Act. Otherwise, the Act itself would be unconstitutionally broad, with respect to hackney carriage **drivers**, as the Legislature must have certainly considered prior to the Act becoming Massachusetts law.

### a. Sherman Antitrust Act

Defendants are said to operate their taxi businesses under Rule 403, pursuant to the Act this Court refers to as enabling

legislation.  Consequently, *as a matter of law*, Defendants admit all taxi **drivers** who have driven Boston licensed taxis since January 1, 2009 are employees based on the assertion Boston taxi businesses are operated under Rule 403.  But also, under a definition in the Fair Labor Standards Act of 1938, as amended, Defendants have employed taxi **drivers**.

According to Rule 403, effective January 1, 2009 each of the 1,825 city of Boston taxis licensed by the Commissioner were required to be equipped with an electronic credit card processing capability.  The city of Boston approved Creative Mobile Technologies ("CMT") as one of only three companies authorized to install equipment with an electronic credit card processing capability in Boston taxis licensed by the Commissioner.  As a result, Defendants entered into an exclusive agreement with CMT to process credit card transactions in all city of Boston licensed taxis either owned or controlled by each Defendant.

Although the colored hackney carriage **drivers'** rights are protected from impairment under color of Massachusetts law by the Civil Right Act of 1866, the Commissioner nonetheless impermissibly expanded the scope of his exclusive authority under Massachusetts law to make rules and orders for the regulation of hackney carriages and hackney stands by promulgating certain *Driver Requirements* found in Section 5 of

- 6 -

Rule 403. It thus naturally follows, any city of Boston hackney carriage ***driver*** classified as an "independent contractor" is illegally restrained by the *Driver Requirement* presupposing that **no hackney carriage *driver* shall refuse to accept a credit card as payment for a fare after January 1, 2009,** (Rule 403, Section 5.II.bb). The only time this *Driver Requirement* may not be held to be an illegal restraint on the taxi ***drivers'*** trade is when taxi ***drivers*** are classified as employees, because outside of that status it infringes upon the taxi ***drivers'*** rights protected from impairment under color of Massachusetts law.

By the operation of Massachusetts law, the legal effect of Rule 403 is each city of Boston taxi ***driver*** is now an employee, predicated on the fact each time Defendants "lease" a taxi to a taxi ***driver*** the "independent contractor lease" is subject to the exclusive agreement Defendants are privy with CMT to process credit card transactions in Boston licensed taxis either owned or controlled by the Defendants. Seeking an "end run" around the tremendous costs Rule 403 would saddle their taxi businesses with by the operation of Massachusetts law, Defendants devised a scheme to avoid the risk of losing their ability to charge taxi ***drivers*** oppressive "new car premiums" by challenging the constitutional muster of Rule 403 themselves. The "end run" is executed by tying together "independent contractor leases" with third-party "adhesion 'contracts' with CMT" taxi ***drivers*** are

coerced to sign by Defendants under threat of serious harm to their livelihoods absent consent of the tying arrangement being part of a "lease."

The tying arrangement scheme enables Defendants to claim fares are not paid directly to them by *their* passengers *their* taxi **drivers** transport. This invidious tying arrangement scheme effectively denies hackney carriage **drivers** equal protection of the Sherman Antitrust Act of 1890, among others, secured by the Constitution and laws of the United States. On July 2, 1890 the Sherman Antitrust Act declared every 'contract' in restraint of trade or commerce illegal. *15 U.S.C. § 1, et seq.*

### b. Civil Right Act of 1866

An article published September 17, 2011 on page 5 of the *Boston Herald* insinuates the Commissioner legally uses the law (Rule 403) to punish taxi **drivers** with an *automatic* three (3) day suspension for **"refus[ing] to accept a credit card as payment for a fare."**[1] Only, these suspensions contradict Boston's predominately colored taxi **drivers'** right against impairment under color of Massachusetts law, because none of Boston's taxi **drivers** carry employee status, but are uniformly classified as "independent contractors." *42 U.S.C. § 1981(c)*.

---

[1] Rule 403 describes it as "refuse to accept a credit card." But, imposition of tying arrangements combined with the threat of serious harm necessitates redefining the description as "refusal 'to perform labor or services' for free."

Since Rule 403 was *adopted* August 29, 2008 squarely outside Massachusetts law, it is unconstitutional when measured against the Fourteenth (14th) Amendment to the Constitution of the United States. It appears the Legislature built-in the Act guaranteed minimal due process by providing that Rule 403 shall not take effect until published at least once in a newspaper published in said city of Boston. Nor is it argued here that constitutional due process safeguards would be satisfied by nakedly publishing Rule 403 once in a local newspaper for the purpose of affording U.S. citizens their guaranteed protections secured by the Fourteenth Amendment.

As it stands, based on the July 15, 2014 acknowledgement by Captain Gaughan, the city of Boston lacks any legal authority to enforce Rule 403 because the Commissioner has failed to fulfill his obligation to faithfully perform his duty prescribed by the Legislature to publish Rule 403 **once in a newspaper** *prior to* Rule 403 acquiring any legal force or effect of Massachusetts law. For this reason alone, the Commissioner has no legal authority to punish taxi **drivers** classified as "independent contractors" who rightfully may refuse to perform free labor or services for any of the city approved credit card processors, including CMT. Even the mere threat of serious harm these unconstitutional three (3) day suspensions cause violates the

city of Boston's colored taxi **drivers'** rights to *di minimus* due process, assumed to be guaranteed by the Act.

These tying arrangements Defendants impose significantly reduce their otherwise false contention(s), that the Plaintiffs do not perform[] any services for Defendants within the meaning of the statute, where city of Boston hackney carriage **drivers** lease taxis from the Defendants which are used to transport passengers, and they receive fares and tips directly from the passengers, which they retain to a **negative**.

### F. Conclusion

Plaintiff's attorney is correct, city of Boston hackney carriage **drivers** are being misclassified as independent contractors, although not necessarily constrained by the reasoning of the theory advanced by these Plaintiffs.

December 1, 2014

Respectfully submitted by,
*AMICUS CURIE*,

STEVAN JOHNSON
Post Office Box 170151
Boston, Massachusetts 02117
BeanTownHack9312@yahoo.com
Hackney Carriage Driver
City of Boston

**Subject:** RE: Modern-day Slavery (18 U.S.C. § 1589)

**From:** Jenifer Pinkham (JPinkham@sabusinesslaw.com)

**To:** beantownhack9312@yahoo.com; tStichel@sabusinesslaw.com;

**Cc:** jonathan.miller@state.ma.us; mccormickk.bpd@cityofboston.gov; edward.ostolski@eeoc.gov; hlitsas@yahoo.com; helen@litsaslaw.com; ying.mo@state.ma.us;

**Date:** Wednesday, January 21, 2015 9:15 AM

Stevan-

I am not sure why you are sending my firm email messages. We do not represent you.

Please cease further contact.

Thank you,

Jenifer

**Jenifer M. Pinkham, Esq.**



**35 Braintree Hill Office Park, Ste. 204**

**Braintree, MA 02184**

**Telephone: 781-848-5028**

**Facsimile:**    781-848-5096

jpinkham@sabusinesslaw.com

www.sabusinesslaw.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**This e-mail, including any attachments hereto, is intended only for use by the addressees named herein and may**

contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this email, and any attachments hereto, is strictly prohibited. If you receive this email in error please notify me at (781) 848-5028 or by return e-mail and permanently delete the original and all copies of this email and any printout hereof. Thank you for your cooperation.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IRS CIRCULAR 230 NOTICE:**

To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of avoiding U.S. tax penalties.

**From:** Stevan Johnson [mailto:beantownhack9312@yahoo.com]
**Sent:** Wednesday, January 21, 2015 7:15 AM
**To:** Tiffany Stichel; Jenifer Pinkham
**Cc:** Jonathan.Miller@state.ma.us; McCormickK.bpd@cityofboston.gov; edward.ostolski@eeoc.gov; Helen LITSAS; helen@litsaslaw.com; Mo Ying (CAD)
**Subject:** Fw: Modern-day Slavery (18 U.S.C. § 1589)


On Tuesday, December 23, 2014 4:51 PM, Stevan Johnson <beantownhack9312@yahoo.com> wrote:


Attorney Merry,

    By your "Opinion" dated October 31, 2012:

    You failed to disclose your conflict of interest between myself and another person you represented by the name of Raphael Orphir.

    Apparently, You failed to perform due diligence for both of us, insofar as You failed to advise me that the Police Commissioner of the City of Boston failed to faithfully perform his duty prescribed by the Legislature to publish Boston Police Department Rule 403 at least once in a newspaper published in said city of Boston in accordance with Massachusetts law, (**St. 1930, c. 392 § 1**). See: ***Derabala v. City of Boston***, SUCV - 2010 - 02568, (Order dated February 22, 2012, Gaziano, J.).

    It has also been discovered that the threat of serious harm to my livelihood posed by the unconstitutional three (3) day suspension(s) for refusing to perform free labor or services, as contemplated by the article published on page 5 of the *Boston Herald* on September 17, 2011, makes me a crime victim under 18 U.S.C. § 1589. You should have undoubtedly brought this violation to my attention. Even more so, you must bring this to the attention of the proper

WHEREFORE, STEVAN JOHNSON respectfully requests this Honorable Court enter an Order granting Leave to Intervene forthwith in the above-captioned action as a named Plaintiff against Defendants City of Boston and Boston Police Commissioner William Evans.

January 29, 2015                              Respectfully submitted,

                                              /s/ Stevan Johnson
                                              STEVAN JOHNSON
                                              Post Office Box 170151
                                              Boston, Massachusetts 02117

                                              ***Amicus Curiae***

[Stamp: RECEIVED CLERK'S OFFICE 2015 JAN 29 A 9:10 BOSTON, MA]

### CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a true and correct copy of the above within Motion for Leave to Intervene will be served via hand-delivery upon the attorney of record for Defendants City of Boston and Boston Police Commissioner William Evans on **January 29, 2015** by **12:00 p.m.** at the following address:

**John J. Boscia, Esq.**
CITY OF BOSTON LAW DEPARTMENT
1 City Hall Square, Room 615
Boston, Massachusetts 02201

                                              /s/ Stevan Johnson
                                              STEVAN JOHNSON