United States District Court
District of Massachusetts

```
_____
                               )
BOSTON TAXI OWNERS ASSOCIATION, )
INC.,                          )
SHARON OPHIR and               )
JOSEPH PIERRE,                 )
                               )
        Plaintiffs,            )      Civil Action No.
                               )      15-10100-NMG
        v.                     )
                               )
CITY OF BOSTON and             )
BOSTON POLICE COMMISSIONER     )
WILLIAM EVANS,                 )
                               )
        Defendants.            )
_____)
```

MEMORANDUM & ORDER

GORTON, J.

This action was brought by the Boston Taxi Owners Association, Inc. and two individual Boston taxicab license owners, Sharon Ophir (as the personal representative of deceased plaintiff Raphael Ophir) and Joseph Pierre (collectively, "plaintiffs") against the City of Boston ("the City") and Boston Police Commissioner William Evans.  Plaintiffs challenge the City's regulations with respect to the registration and operation of vehicles providing transportation-for-hire services under the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution.

After the Court allowed, in part, and denied, in part, Commissioner Evans's motion to dismiss, defendant appealed the Court's ruling denying him qualified immunity on plaintiffs' one remaining claim.  Currently before the Court is defendant's motion to stay the proceedings in the District Court pending resolution of his appeal by the First Circuit Court of Appeals.

The United States Supreme Court has held that a denial of qualified immunity, either at the motion to dismiss stage or at the summary judgment stage, is immediately appealable. <u>Behrens</u> v. <u>Pelletier</u>, 516 U.S. 299, 839-40 (1996).  Both the Supreme Court and the First Circuit Court of Appeals have noted the importance of a government officer's right, through qualified immunity,

> not merely to avoid "standing trial," but also to avoid the burdens of "such *pretrial* matters as discovery ..., as '[i]nquiries of this kind can be peculiarly disruptive of effective government.'"

<u>Id.</u> (quoting <u>Mitchell</u> v. <u>Forsyth</u>, 472 U.S. 511, 526 (1985)).

Commissioner Evans argues that a stay is necessary to effectuate such protection, citing <u>Hegarty</u> v. <u>Somerset County</u>, 25 F.3d 17 (1994).  In <u>Hegarty</u>, the First Circuit found a stay of discovery to be mandatory for the duration of the appellate court's consideration of the appeal of a denial of qualified immunity. <u>Id.</u> at 18.  The court, however, qualified its holding in two respects.  It cautioned that a stay is required only "so

long as the appeal is non-frivolous," id., and noted that it may
not be necessary where the plaintiff seeks injunctive relief as
to which a defense of qualified immunity is immaterial, id. at
18 n.2.  In support, the court cited Lugo v. Alvarado, 819 F.2d
5 (1st Cir. 1987).

In Lugo, the First Circuit affirmed the district court's
denial of a motion to stay discovery while the district court
considered a motion for summary judgment based on qualified
immunity. Id. at 5.  It concluded that "equitable claims stand
on a different footing than damage claims" because qualified
immunity applies only to claims for money damages against
government officials in their personal capacities. Id. at 7.
Because the plaintiffs in that case had requested both money
damages and injunctive relief, discovery on the substantive
claims would occur regardless of the Court's ruling on
defendant's qualified immunity claim.  Accordingly, the stay
would not shield the defendant from unnecessary litigation.

Plaintiffs here assert that a stay would be similarly
futile because they have requested injunctive relief as well as
damages.  They note that Commissioner Evans has appealed the
Court's decision only with respect to qualified immunity.
Plaintiffs' claim for injunctive relief against Commissioner
Evans is not, therefore, on appeal.  Consequently, even if the
First Circuit were to reverse the Court's qualified immunity

-3-

decision, the suit would go forward and Commissioner Evans would be subject to discovery on plaintiffs' equal protection claim.

A stay is not warranted as a matter of right. Nken v. Holder, 556 U.S. 418, 427 (2009) (citing Virginian Ry. Co. v. United States, 272 U.S. 658, 672 (1926)).  An analysis of the suitability of a stay is, therefore, required in this case.  The Supreme Court has outlined a framework for assessing a motion to stay which balances four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Nken v. Holder, 556 U.S. 418, 426 (2009) (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)).  The first two factors weigh most heavily. Id. at 434.  The party requesting the stay bears the burden of establishing that the balance of those factors warrants the requested relief. Id. at 433-34.

As to the likelihood of success, the party requesting a stay must show "more than a mere possibility of relief" on appeal. Id. at 434.  Defendant "need not persuade the court that is it likely to be reversed on appeal," but the appeal must "raise serious and difficult questions of law in an area where the law is somewhat unclear." Canterbury Liquors & Pantry v. Sullivan, 999 F. Supp. 144, 150 (D. Mass. 1998).  While the

-4-

Commissioner has not convinced the Court that he is likely to succeed in his appeal with respect to qualified immunity, the constitutional issue in this case is neither elementary nor well-established.

Defendant cannot, however, demonstrate that he will be irreparably harmed absent a stay of the proceedings.  As discussed above, because this case involves claims against Commissioner Evans for both money damages and equitable relief, the case will proceed regardless of the First Circuit's decision on the qualified immunity issue.  Defendant will suffer no substantial harm from proceeding directly with the case rather than waiting for the qualified immunity issue to be resolved on appeal.

Furthermore, the third and fourth factors dissuade this Court from a stay as well.  In its analysis of plaintiffs' second motion for a preliminary injunction, the Court noted that plaintiffs face a growing potential for irreparable harm due to ongoing developments in the transportation-for-hire industry. Staying this case would result in a delay of the resolution of the show cause order entered by the Court in relation to that motion, which could cause further injury to plaintiffs. Boston Taxi Owners Ass'n, Inc. v. City of Boston, No. 15-cv-10100, 2016 WL 1274531, at *16 (D. Mass. Mar. 31, 2016).  Moreover, given that the case will proceed irrespective of the outcome of

defendant's appeal, staying the proceedings will not promote the broader goal of the Supreme Court's qualified immunity jurisprudence, which is to help shield government officers from unnecessary litigation.  Accordingly, the public interest would not be served by a stay.

Because Commissioner Evans cannot show irreparable harm and the balance of the other factors weighs against staying the proceedings, defendant's motion for a stay will be denied.

### ORDER

In accordance with the foregoing, defendant Evans's motion to stay the District Court proceedings (Docket No. 70) is **DENIED**.


**So ordered.**


/s/ Nathaniel M. Gorton _ __
Nathaniel M. Gorton
United States District Judge

Dated May 20, 2016