## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOSTON TAXI OWNERS ASSOCIATION, INC., STEPHEN GOLDBERG, AND JOSEPH PIERRE,<br>    Plaintiffs<br><br>v.<br><br>CITY OF BOSTON, MASSACHUSETTS and; WILLIAM EVANS, BOSTON POLICE COMMISSIONER,<br>    Defendants. | **CIVIL ACTION NO. 15-CV-10100-NMG** |

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS CITY OF BOSTON AND WILLIAM EVANS, IN HIS OFFICIAL CAPACITY AS BOSTON POLICE COMMISSIONER, TO THE SECOND AMENDED COMPLAINT

Defendants City of Boston ("City") and William Evans, in his official capacity as Boston Police Commissioner ("Commissioner") (collectively, "Defendants"), by and through their undersigned counsel, answer Plaintiffs' Second Amended Complaint ("Complaint"), upon knowledge as to themselves and upon information and belief as to all other matters, as follows:

1.    The Defendants aver that the allegations in paragraph 1 of the Complaint are Plaintiffs' legal conclusions to which no answer is required. To the extent that paragraph 1 may be deemed to contain factual allegations, they are denied, except that the City admits that paragraph 1 names the City as a defendant.

2.    The Defendants aver that the allegations in paragraph 2 of the Complaint are Plaintiffs' legal conclusions to which no answer is required. To the extent that paragraph 2 may be deemed to contain factual allegations, they are denied.

a.      The Defendants aver that the allegations in paragraph 2.a of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 2.a may be deemed to contain factual allegations, they are denied.

b.      The Defendants aver that the allegations in paragraph 2.b of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 2.b may be deemed to contain factual allegations, they are denied.

c.      The Defendants aver that the allegations in paragraph 2.c of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 2.c may be deemed to contain factual allegations, they are denied.

3.      The Defendants aver that the allegations in paragraph 3 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 3 may be deemed to contain factual allegations, they are denied.

4.      The Defendants aver that the allegations in paragraph 4 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 4 may be deemed to contain factual allegations, they are denied.

5.      The Defendants aver that the allegations in paragraph 5 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 5 may be deemed to contain factual allegations, they are denied, except that the Defendants refer to the study for a complete and accurate statement of its content.

6.      The Defendants aver that the allegations in paragraph 6 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 6 may be deemed to contain factual allegations, the Defendants deny the allegations in paragraph 6

except that the Defendants admit that Transportation Network Companies are not subject to Boston Police Department Rule 403.

7.      The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint.

8.      The Defendants aver that the allegations in paragraph 8 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 8 may be deemed to contain factual allegations, they are denied.

9.      The Defendants aver that the allegations in paragraph 9 of the Complaint are Plaintiffs' prayers for relief to which no answer is required.  To the extent that paragraph 9 may be deemed to contain factual allegations, they are denied.

10.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.  To the extent that paragraph 10 may be deemed to contain factual allegations, they are denied.

    a.      The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.a of the Complaint.

    b.      The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.b of the Complaint.

    c.      The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.c of the Complaint.

    d.      The Defendants aver that the allegations in paragraph 10.d of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 10.d may be deemed to contain factual allegations, they are denied.

   e.  The City admits that it is a named defendant in this action and that it is a Massachusetts municipality with a principal place of business located at City Hall, Boston, MA. The City avers that the remaining allegations in paragraph 10.e of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 10.e may be deemed to contain factual allegations, they are denied, except that the City admits that the Police Commissioner has the legal authority to regulate hackney carriages.

   f.  William Evans, Boston Police Commissioner, admits that he is a named defendant in this action.  The Commissioner avers that the remaining allegations in paragraph 10.f of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 10.f may be deemed to contain factual allegations, they are denied, except that the Commissioner admits that he has the legal authority to regulate hackney carriages.

  11.  The Defendants aver that the allegations in paragraph 11 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 11 of the Complaint may be deemed to contain factual allegations, they are denied, except that to the extent that the first sentence of paragraph 11 purports to summarize Boston Police Department Rule 403, the Defendants refer to Boston Police Department Rule 403 for a complete and accurate statement of its content.

  12.  The Defendants aver that the allegations in paragraph 12 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 12 of the Complaint may be deemed to contain factual allegations, they are denied, except that to the extent that paragraph 12 quotes provisions of the Massachusetts General Laws, the Defendants refer to the Massachusetts General Laws for a complete and accurate statement of its content.

13.     The Defendants aver that the allegations in paragraph 13 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 13 of the Complaint may be deemed to contain factual allegations, they are denied, except that to the extent that paragraph 13 purports to quote from Boston Police Department Rule 403, the Defendants refer to Boston Police Department Rule 403 for a complete and accurate statement of its content.

14.     The Defendants aver that the allegations in the first sentence of paragraph 14 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that the first sentence of paragraph 14 of the Complaint may be deemed to contain factual allegations, they are denied, except to the extent that the first sentence of paragraph 14 purports to summarize Boston Police Department Rule 403, the Defendants refer to Boston Police Department Rule 403 for a complete and accurate statement of its content.  The Defendants aver that the allegations in the second sentence of paragraph 14 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that the second sentence of paragraph 14 may be deemed to contain factual allegations, the Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 14.

15.     The Defendants aver that the allegations in paragraph 15 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 15 of the Complaint may be deemed to contain factual allegations, they are denied, except that to the extent that paragraph 15 purports to summarize Boston Police Department Rule 403, the Defendants refer to Boston Police Department Rule 403 for a complete and accurate statement of its content.

16.     The Defendants aver that the allegations in paragraph 16 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 16 of the Complaint may be deemed to contain factual allegations, they are denied, except that to the extent that paragraph 16 purports to summarize Boston Police Department Rule 403, the Defendants refer to Boston Police Department Rule 403 for a complete and accurate statement of its content.

17.     The Defendants aver that the allegations in paragraph 17 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 17 may be deemed to contain factual allegations, they are denied, except that the Defendants admit that there are 1,825 medallions in existence.

18.     The Defendants aver that the allegations in paragraph 18 purport to summarize Boston Police Department Rule 403, and the Defendants refer to Boston Police Department Rule 403 for a complete and accurate statement of its content.

19.     The Defendants aver that the allegations in paragraph 19 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 19 may be deemed to contain factual allegations, the Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19.

20.     The Defendants aver that the allegations in paragraph 20 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 20 of the Complaint may be deemed to contain factual allegations, they are denied, except to the extent that paragraph 20 purports to summarize Boston Police Department Rule 403, the Defendants refer to Boston Police Department Rule 403 for a complete and accurate statement of its content.

21.     The Defendants aver that the allegations in paragraph 21 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 21 may be deemed to contain factual allegations, the Defendants deny the allegations in paragraph 21 except that the Defendants admit that Transportation Network Companies are not subject to Boston Police Department Rule 403.

22.     The Defendants aver that the allegations in paragraph 22 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 22 may be deemed to contain factual allegations, they are denied.

23.     The Defendants aver that the allegations in paragraph 23 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 23 may be deemed to contain factual allegations, they are denied.

24.     The Defendants aver that the allegations in paragraph 24 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 24 of the Complaint may be deemed to contain factual allegations, the Defendants admit that in order to drive a licensed Boston hackney carriage, an individual must obtain a Boston hackney driver's license, and that licensed Boston hackney drivers are required to comply with the rules and procedures in Boston Police Department Rule 403.  The remaining allegations in this paragraph are denied, except to the extent that paragraph 24 purports to summarize Boston Police Department Rule 403, the Defendants refer to Boston Police Department Rule 403 for a complete and accurate statement of its content.

25.     The Defendants aver that the allegations in paragraph 25 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 25 of the Complaint may be deemed to contain factual allegations, they are denied.

26.     The Defendants aver that the allegations in paragraph 26 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 26 of the Complaint may be deemed to contain factual allegations, they are denied, except to the extent that paragraph 26 purports to summarize Boston Police Department Rule 403, the Defendants refer to Boston Police Department Rule 403 for a complete and accurate statement of its content.

27.     The Defendants aver that the allegations in paragraph 27 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 27 may be deemed to contain factual allegations, the Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27.

28.     The Defendants aver that the allegations in paragraph 28 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 28 may be deemed to contain factual allegations, the Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28.

29.     The Defendants aver that the allegations in paragraph 29 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 29 may be deemed to contain factual allegations, the Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29.

30.     The Defendants aver that the allegations in paragraph 30 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 30 may be deemed to contain factual allegations, the Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30.

31.     The Defendants deny the allegations in paragraph 31 of the Complaint.

32.     The Defendants aver that the allegations in paragraph 32 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 32 of the Complaint may be deemed to contain factual allegations, they are denied, except to the extent that paragraph 32 purports to summarize Boston Police Department Rule 403, the Defendants refer to Boston Police Department Rule 403 for a complete and accurate statement of its content.

33.     The Defendants aver that the allegations in paragraph 33 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 33 may be deemed to contain factual allegations, the Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33.

34.     The Defendants deny the allegations in paragraph 34 of the Complaint.

35.     The Defendants aver that the allegations in the first sentence of paragraph 35 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that the first sentence of paragraph 35 may be deemed to contain factual allegations, they are denied.  To the extent that the second sentence of paragraph 35 purports to quote "Taxi Rules," the Defendants refer to Boston Police Department Rule 403 for a complete and accurate statement of its content.

36.     The Defendants aver that the allegations in paragraph 36 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 36 may be deemed to contain factual allegations, the Defendants deny the allegations in paragraph 36.

37.     The Defendants aver that the allegations in paragraph 37 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 37 may be deemed to contain factual allegations, the Defendants deny the allegations in paragraph 37.

38.     The Defendants aver that the allegations in paragraph 38 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 38 may be deemed to contain factual allegations, the Defendants deny the allegations in paragraph 38.

39.     The Defendants aver that the allegations in paragraph 39 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 39 may be deemed to contain factual allegations, they are denied, except that to the extent that paragraph 39 lists seventeen subparagraphs numbered 1-17 purporting to summarize Boston Police Department Rule 403, the Defendants refer to Boston Police Department Rule 403 for a complete and accurate statement of its content.

40.     The Defendants aver that the allegations in paragraph 40 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 40 may be deemed to contain factual allegations, the Defendants deny the allegations in paragraph 40.

41.     The Defendants aver that the allegations in the first sentence of paragraph 41 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that the first sentence of paragraph 41 may be deemed to contain factual allegations, they are denied, except that to the extent that the first sentence of paragraph 41 purports to summarize Boston Police Department Rule 403, the Defendants refer to Boston Police Department Rule 403 for a complete and accurate statement of its content.  The Defendants aver that the allegations in the second sentence of paragraph 41 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that the second sentence of paragraph 41 may be deemed to contain factual allegations, they are denied, except that "Inspector of Carriages" is defined in Boston Police Department Rule 403 and that to the extent that the second sentence of paragraph

41 purports to summarize Boston Police Department Rule 403, the Defendants refer to Boston Police Department Rule 403 for a complete and accurate statement of its content.

42.     The Defendants aver that the allegations in paragraph 42 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 42 may be deemed to contain factual allegations, they are denied.

43.     The Defendants aver that the allegations in paragraph 43 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 43 may be deemed to contain factual allegations, they are denied, except that to the extent that paragraph 43 purports to summarize Boston Police Department Rule 403, the Defendants refer to Boston Police Department Rule 403 for a complete and accurate statement of its content.

44.     The Defendants aver that the allegations in paragraph 44 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 44 may be deemed to contain factual allegations, they are denied, except that to the extent that paragraph 44 purports to summarize Boston Police Department Rule 403, the Defendants refer to Boston Police Department Rule 403 for a complete and accurate statement of its content.

45.     The Defendants aver that the allegations in paragraph 45 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 45 may be deemed to contain factual allegations, they are denied.

46.     The Defendants aver that the allegations in paragraph 46 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 46 may be deemed to contain factual allegations, they are denied, except that to the extent that paragraph 46 purports to summarize Boston Police Department Rule 403, the Defendants refer to Boston Police Department Rule 403 for a complete and accurate statement of its content.

47.     The Defendants aver that the allegations in paragraph 47 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 47 may be deemed to contain factual allegations, they are denied.

48.     The Defendants aver that the allegations in paragraph 48 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 48 may be deemed to contain factual allegations, the Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48.

49.     The Defendants aver that the allegations in the first sentence of paragraph 49 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that the first sentence of paragraph 49 may be deemed to contain factual allegations, they are denied, except that to the extent that the first sentence of paragraph 49 purports to summarize Boston Police Department Rule 403, the Defendants refer to Boston Police Department Rule 403 for a complete and accurate statement of its content.  The Defendants aver that the allegations in the second sentence of paragraph 49 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that the second sentence of paragraph 49 may be deemed to contain factual allegations, the Defendants deny the allegations in the second sentence of paragraph 49.

50.     The Defendants admit that the Police Commissioner sets meter rates for licensed hackney carriages within the City of Boston.  Defendants deny all remaining allegations in paragraph 50 of the Complaint.

51.     The Defendants admit only that 100 medallions are reserved for wheelchair accessible vehicles.  The Defendants deny all remaining allegations in paragraph 51 of the Complaint.

52.     The Defendants admit that paragraph 52 of the Complaint quotes Boston Police Department Rule 403, and the Defendants refer to Boston Police Department Rule 403 for a complete and accurate statement of its content.

53.     The Defendants aver that the allegations in the first sentence of paragraph 53 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 53 may be deemed to contain factual allegations, the Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53.

54.     The Defendants aver that paragraph 54 of the Complaint purports to summarize portions of Boston Police Department Rule 403, and the Defendants refer to Boston Police Department Rule 403 for a complete and accurate statement of its content.

55.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55.

56.     The Defendants aver that the allegations in sentence one of paragraph 56 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  The Defendants deny the allegations in the first clause of the first sentence of paragraph 56.  To the extent that the remaining allegations in paragraph 56 may be deemed to contain factual allegations, the Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56.

57.     The Defendants aver that the allegations in paragraph 57 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that the first sentence of paragraph 57 may be deemed to contain factual allegations, the Defendants deny the allegations in the first sentence of paragraph 57.  The Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 57.

58.     The Defendants aver that the allegations in paragraph 58 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 58 may be deemed to contain factual allegations, the Defendants deny the allegations in paragraph 58.

59.     The Defendants aver that the allegations in paragraph 59 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 59 may be deemed to contain factual allegations, the Defendants deny the allegations in paragraph 59.

60.     The Defendants aver that the allegations in paragraph 60 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 60 may be deemed to contain factual allegations, the Defendants deny the allegations in paragraph 60.

61.     The Defendants aver that the allegations in paragraph 61 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 61 may be deemed to contain factual allegations, the Defendants deny the allegations in paragraph 61.

62.     The Defendants aver that the allegations in paragraph 62 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 62 may be deemed to contain factual allegations, the Defendants deny the allegations in paragraph 62.

63.     The Defendants aver that the allegations in paragraph 63 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 63 may be deemed to contain factual allegations, the Defendants deny the allegations in paragraph 63.

64.     The Defendants aver that the allegations in paragraph 64 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 64 may be deemed to contain factual allegations, the Defendants deny the allegations in paragraph 64.

65.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of the Complaint.

66.     The Defendants aver that the allegations in paragraph 66 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 66 may be deemed to contain factual allegations, they are denied.

67.     The Defendants aver that the allegations in paragraph 67 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 67 may be deemed to contain factual allegations, they are denied.

## COUNT I
## DECLARATORY JUDGMENT

68.     In response to paragraph 68 of the Complaint, the Defendants repeat and incorporate by reference their answers and averments contained in paragraphs 1 through 67 hereof as if fully set forth herein.

69.     The Defendants aver that the allegations in paragraph 69 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 69 may be deemed to contain factual allegations, they are denied, except that the Defendants refer to the regulations listed as 540 CMR 2.00 for a complete and accurate statement of their content.

70.     The Defendants aver that the allegations in paragraph 70 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 70 may be deemed to contain factual allegations, they are denied, except that the Defendants refer to the regulations listed as 540 CMR 2.00 for a complete and accurate statement of their content.

71.     The Defendants aver that the allegations in paragraph 71 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 71 may be deemed to contain factual allegations, they are denied.

72.     The Defendants aver that the allegations in paragraph 72 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 72 may

be deemed to contain factual allegations, they are denied, except that the Defendants refer to the regulations listed as 540 CMR 2.00 for a complete and accurate statement of their content.

73.     The Defendants aver that the allegations in paragraph 73 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 73 may be deemed to contain factual allegations, they are denied.

74.     The Defendants aver that the allegations in paragraph 74 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 74 may be deemed to contain factual allegations, they are denied.

**COUNT II**
**INJUNCTIVE RELIEF**

75.     In response to paragraph 75 of the Complaint, the Defendants repeat and incorporate by reference their answers and averments contained in paragraphs 1 through 74 hereof as if fully set forth herein.

76.     The Defendants aver that the allegations in paragraph 76 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 76 may be deemed to contain factual allegations, they are denied, except that the Defendants refer to the regulations listed as 540 CMR 2.00 for a complete and accurate statement of their content.

77.     The Defendants aver that the allegations in paragraph 77 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 77 may be deemed to contain factual allegations, the Defendants deny the allegations in paragraph 77.

**COUNT III**
**MONETARY DAMAGES**

78.     In response to paragraph 78 of the Complaint, the Defendants repeat and incorporate by reference their answers and averments contained in paragraphs 1 through 77 hereof as if fully set forth herein.

79.     The Defendants aver that the allegations in paragraph 79 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 79 may be deemed to contain factual allegations, they are denied.

**COUNT IV**
**DUE PROCESS/EQUAL PROTECTION**

80.     In response to paragraph 80 of the Complaint, the Defendants repeat and incorporate by reference their answers and averments contained in paragraphs 1 through 79 hereof as if fully set forth herein.

81.     The Defendants aver that the allegations in paragraph 81 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 81 may be deemed to contain factual allegations, they are denied, except that to the extent that paragraph 81 purports to summarize Boston Police Department Rule 403, the Defendants refer to Boston Police Department Rule 403 for a complete and accurate statement of its content.

82.     The Defendants aver that the allegations in paragraph 82 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 82 may be deemed to contain factual allegations, the Defendants deny the allegations in paragraph 82.

83.     The Defendants aver that the allegations in paragraph 83 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 83 may be deemed to contain factual allegations, the Defendants deny the allegations in paragraph 83.

84.     The Defendants aver that the allegations in paragraph 84 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 84 may be deemed to contain factual allegations, the Defendants deny the allegations in paragraph 84.

85.     The Defendants aver that the allegations in paragraph 85 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 85 may be deemed to contain factual allegations, the Defendants deny the allegations in paragraph 85.

86.     The Defendants aver that the allegations in paragraph 86 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 86 may be deemed to contain factual allegations, the Defendants deny the allegations in paragraph 86.

87.     The Defendants aver that the allegations in paragraph 87 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 87 may be deemed to contain factual allegations, the Defendants deny the allegations in paragraph 87.

88.     The Defendants aver that the allegations in paragraph 88 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 88 may be deemed to contain factual allegations, the Defendants deny the allegations in paragraph 88.

89.     The Defendants aver that the allegations in paragraph 89 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 89 may be deemed to contain factual allegations, the Defendants deny the allegations in paragraph 89.

90.     The Defendants aver that the allegations in paragraph 90 of the Complaint are Plaintiffs' legal conclusions to which no answer is required.  To the extent that paragraph 90 may be deemed to contain factual allegations, the Defendants deny the allegations in paragraph 90.

The Defendants deny each and every allegation in the unnumbered paragraph on page 19 of the Complaint beginning "WHEREFORE," deny each and every allegation in paragraphs A,

B, and C on page 19 of the Complaint, and deny that Plaintiffs are entitled to any damages or other relief whatsoever.   The Defendants therefore request that the Complaint be dismissed with prejudice.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint, and each count contained therein, fails to state a cognizable legal claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint, and each count contained therein, is barred because of Plaintiffs' failure to mitigate, minimize, or avoid their damages, if any.

### THIRD AFFIRMATIVE DEFENSE

The Complaint, and each count contained therein, is barred because the Defendants have not breached any duty.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint, and each count contained therein, is barred by the doctrines of estoppel, waiver, consent, laches, and unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint, and each count contained therein, is barred by the applicable statutes of limitation and/or repose.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint, and each count contained therein, is barred because Plaintiffs have not sustained any injury or damages compensable at law.

### SEVENTH AFFIRMATIVE DEFENSE

The Complaint, and each count contained therein, is barred because the Plaintiff has failed to join all necessary parties.

### EIGHTH AFFIRMATIVE DEFENSE

The Complaint, and each count contained therein, is barred because the Defendants acted in good faith.

### NINTH AFFIRMATIVE DEFENSE

The Complaint, and each count contained therein, is barred because the Defendants had a rational basis for their actions.

### TENTH AFFIRMATIVE DEFENSE

The Complaint, and each count contained therein, is barred because the entities involved are not similarly-situated.

### ELEVENTH AFFIRMATIVE DEFENSE

By alleging matters set forth in the defenses listed herein, the Defendants do not allege or admit that they have the burden of proof and/or persuasion with respect to any of them.  The Defendants presently lack sufficient knowledge or information on which to form a belief as to whether they may have additional affirmative defenses.  Accordingly, the Defendants hereby give notice that they intend to rely upon such other and further defenses as may become available or apparent during pre-trial proceedings or through investigation and discovery in this case, and the Defendants hereby reserve their rights to assert such defenses.

WHEREFORE, the Defendants respectfully request judgment granting the following relief:

I.      Dismissing the Complaint against the City of Boston and Commissioner Evans with prejudice;

II.     Awarding the City of Boston and Commissioner Evans the costs of defending this action, including attorneys' fees, costs, and disbursements; and

III.    Granting the City of Boston and Commissioner Evans such other and further

relief as this Court may deem just and necessary.


Dated: August 12, 2016                           Respectfully submitted,

                                                 DEFENDANTS, CITY OF BOSTON and
                                                 WILLIAM EVANS, IN HIS OFFICIAL
                                                 CAPACITY AS BOSTON POLICE
                                                 COMMISSIONER

                                                 Eugene L. O'Flaherty
                                                 Corporation Counsel

                                                 By their attorneys:

/s/ Peter M. Geraghty                            /s/ John J. Boscia
Peter M. Geraghty (BBO# 664197)                  John J. Boscia (BBO# 679357)
Special Assistant Corporation Counsel            Assistant Corporation Counsel
City of Boston Police Department                 City of Boston Law Department
One Schroeder Plaza                              City Hall, Room 615
Boston, MA 02120                                 Boston, MA 02201
(617) 343-4550                                   (617) 635-4031
Peter.Geraghty@pd.boston.gov                     John.Boscia@boston.gov


## CERTIFICATE OF SERVICE

        I hereby certify that this document filed through the CM/ECF system will be sent
electronically to the registered participants as identified on the Notice of Electronic Filing and
paper copies will be sent to those indicated as non-registered participants on August 12, 2016.

August 12, 2016                                  /s/ John J. Boscia
Date                                             John J. Boscia